**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SENSITILE SYSTEMS, LLC D/B/A SENSITILE,** | § § § | |
| *Plaintiff,* | § § | **Case No.:** |
| **v.** | § § | |
| **EVOWE NORTH AMERICA, LLC, SHANGHAI EVOWE INDUSTRIES CO., LTD., SHANGHAI LUXFACE INDUSTRIES, CO. LTD., DANIEL SCOTT BLYTH, AND ARCH CONCEPTS & DESIGN INC.,** | § § § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

## COMPLAINT

Sensitile Systems, LLC d/b/a Sensitile (herein "Sensitile" or "Plaintiff"), for its

Complaint against Evowe North America, LLC ("Evowe North America"), Shanghai Evowe

Industries Co., Ltd. ("Shanghai Evowe"), and Shanghai Luxface Industries, Co., Ltd. ("Shanghai

Luxface"), Daniel Scott Blyth ("Blyth"), and Arch Concepts & Design Inc. ("Arch Concepts")

(collectively "Defendants"), states and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for (1) patent infringement under the patent laws of the United

States, 35 U.S.C. *et seq.*; (2) trademark and trade dress infringement and unfair competition

under the trademark laws of the United States, the Lanham Act, 15 U.S.C. *et seq.*; (3) violation

of the Illinois Consumer Fraud and Deceptive Business Practices Act; (4) trademark

infringement under Illinois common law; and (5) unfair competition under Illinois common law.

1

2.     This action results from Defendants' unauthorized manufacture, offer for sale, sale, use, and/or importation of products that infringe Plaintiff's patents and unauthorized use of Plaintiff's federally registered and common law trademarks and protectable trade dress.

## THE PARTIES

3.     Plaintiff Sensitile is a privately owned company that specializes in designing, manufacturing, and selling custom architectural interactive light reflective surfaces such as flooring, walls, ceilings, and counters as well as lighting fixtures ("architectural surfaces"). Plaintiff is a Michigan corporation with its principal place of business at 1735 Holmes Road, Ypsilanti, Michigan 41898.

4.     On information and belief, Defendant Evowe North America is a Colorado corporation with its principal place of business at 26619 E. Euclid Place, Aurora, Colorado 80016.  On further information and belief, Evowe North America is a subsidiary or otherwise related to Defendants Shanghai Evowe Industries Co., Ltd and Shanghai Luxface Industries Co., Ltd.

5.     On information and belief, Defendant Shanghai Evowe Industries Co., Ltd is a Chinese corporation with its principal place of business at No. 999 Panzhong Road, Quingpu District, Shanghai 201702 PRC.

6.     On information and belief, Defendant Shanghai Luxface Industries Co., Ltd is a Chinese corporation with its principal place of business at No. 999 Panzhong Road, Quingpu District, Shanghai 201702 PRC.

7.     On information and belief, Defendant Daniel Blyth is a resident of the state of Colorado, residing at 26619 E. Euclid Place, Aurora, Colorado 80016, and is an employee, agent or partner of Defendant Evowe North America, Shanghai Evowe, and/or Shanghai Luxface.

8.      On information and belief, Mr. Blyth incorporated and owns Arch Concepts, a

Colorado corporation having a principal place of business also located at 26619 E. Euclid Place,

Aurora, Colorado 80016, the same address as Evowe North America and Dan Blyth.

9.      Defendants manufacture, use, sell, offer for sale, import, and/or distribute

infringing architectural surfaces and do business in this District.  For example, Defendants

manufactured, sold and installed or had installed an architectural surface on an outdoor terrace at

the Ritz Carlton hotel located at 160 East Pearson Street, Chicago, Illinois 60611, that infringes

Plaintiff's patents.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiff's federal claims namely, patent,

trademark, and trade dress infringement, and unfair competition under 15 U.S.C. § 1121 and

pursuant to 28 U.S.C. §§ 1331 and 1338(b).  In addition, this Court has subject matter

jurisdiction over Plaintiff's related state and common law claims under 28 U.S.C. §§ 1338 and

1367.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because

Plaintiff's claims arose in this District, at least a substantial part of the events giving rise to

Plaintiff's claims occurred in this District, and Defendants are doing business in this District.  As

non-residents of the United States, Shanghai Evowe and Shanghai Luxface may be sued in any

judicial district and shall be disregarded in determining where the action may be brought with

respect to the other Defendants.  28 U.S.C. §§ 1391(c).

12.     This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. §§

1391 and 1400 because Defendants are engaging in various activities within this State and this

District, including manufacturing, offering for sale, selling, using, distributing or importing their

3

products in this District.  The consequences of Defendants' actions produce effects in and directly implicate this forum.

13.     All Defendants are properly joined in this action under 35 U.S.C. §299 because Defendants' infringing acts arise out of the same transaction, occurrence, or series of transactions relating to the making, using, importing into the United States, offering for sale, and/or selling of the accused architectural surfaces.  Defendants further are properly joined under 35 U.S.C. §299 because questions of fact common to all Defendants exist.

## SENSITILE'S INTERACTIVE ARCHITECTURAL SURFACES

14.     For nine years, Plaintiff has been the leader in the design, manufacture, and sale of highly quality interactive light reflective architectural surfaces.  Plaintiff has a diverse product line of surfaces, which interact with all facets of light and illumination resulting in a constantly changing appearance of the surfaces.  Exemplary photographs of Plaintiff's innovative architectural surfaces are shown in Exhibit A.

15.     Plaintiff's innovative architectural surfaces have been installed in hotels, spas, office spaces, bars, airport terminals, and private residences throughout world, including the United States.  For example, Plaintiff's products are featured at Netflix's headquarters in Los Gatos, California, NASCAR's headquarters in Daytona Beach, Florida, Tiffany & Co. in Las Vegas, Nevada, Hughes Cancer Center at the Pocono Medical Center East Stroudsburg, Pennsylvania, the Delta Sky Club in Terminal C at La Guardia Airport in New York, New York, and the University of Michigan Hospital in Ann Arbor, Michigan, to name only a few.  True and correct photographs of Sensitile's products at these locations are attached hereto at Exhibit B.

16.     Plaintiff and its innovative architectural surfaces have been featured in industry publications including, *Architect* (September 2012), *Boutique Design* (July/August 2012),

*Architectural Products* (July 13, 2011), *Architectural Lighting* (May 2011), *Builder* (May 2011), and *Time* (2005).

17.     Sensitile also has received a number of awards for its architectural surfaces including the LightFair International 2012, Design Excellence Award, LightFair International 2011, Best Booth Award, International Interior Design Association (IIDA) Award of Excellence and Best of Competition 2009, Hospitality Design, Best Booth Award 2008, International Contemporary Furniture Fair®, Editors Award 2005, and iF Material Award 2004.

### SENSITILE'S PATENTS

18.     In 2003, Plaintiff filed its first U.S. patent application directed to its novel interactive light reflective architectural surfaces and subsequently, was awarded its first U.S. patent in 2007.

19.     Plaintiff is the owner by assignment of U.S. Patent No. 7,229,203 ("the '203 patent") entitled "Light Pipe Containing Material," which was duly and legally issued on June 12, 2007.  A true and correct copy of the '203 patent is attached hereto as Exhibit C.

20.     Plaintiff is the owner by assignment of U.S. Patent No. 7,422,354 ("the '354 patent") entitled "Light Scrambling System," which was duly and legally issued on September 9, 2008.  A true and correct copy of the '354 patent is attached hereto as Exhibit D.

21.     Plaintiff is the owner by assignment of U.S. Patent No. 7,520,651 ("the '651 patent") entitled "Light Pipe Containing Material," which was duly and legally issued on April 21, 2009.  A true and correct copy of the '651 patent is attached hereto as Exhibit E.

22.     Plaintiff is the owner by assignment of U.S. Patent No. 7,547,128 ("the '128 patent") entitled "Light Pipe Containing Material," which was duly and legally issued on June 16, 2009.  A true and correct copy of the '128 patent is attached hereto as Exhibit F.

23.     The '203, '354, '651, and '128 patents will be referred to herein collectively as the "Sensitile Patents."

### SENSITILE'S FEDERAL TRADEMARK REGISTRATIONS, APPLICATION, AND TRADEMARK AND TRADE DRESS RIGHTS

24.     Plaintiff is the owner of common law rights and/or federal registrations for numerous marks including, SENSITILE SYSTEMS, SENSITILE, JALI, and SCINTLLA which are used in connection with Plaintiff's architectural surfaces.  Plaintiff applied to register the inherently distinctive SENSITILE SYSTEMS, JALI, and SCINTILLA marks with the United States Patent and Trademark Office ("USPTO") and was granted registrations.

25.     Plaintiff is the owner of U.S. Trademark Registration No. 3,219,756 for the mark SENSITILE SYSTEMS for use in connection with "hard surface covering made of nonmetallic material for floors, walls, and other surfaces" in International Class 27.  The SENSITILE SYSTEMS registration was duly and legally issued on March 20, 2007.  A true and correct copy of the registration is attached hereto as Exhibit G.  A true and correct printout from the USPTO's Trademark Status and Document Retrieval database evidencing the status of the SENSITLE SYSTEMS registration is attached hereto at Exhibit H.

26.     Plaintiff also owns U.S. Trademark Registration No. 3,386,918 for the mark SCINTILLA for use in connection with "hard surface covering made of nonmetallic material for floors, walls, and other surfaces" in International Class 27.  The SCINTILLA registration was duly and legally issued on February 19, 2008.  A true and correct copy of the registration is attached hereto as Exhibit I.  A true and correct printout from the USPTO's Trademark Status and Document Retrieval database evidencing the status of the SCINTILLA registration is attached hereto at Exhibit J.

27.    Plaintiff owns U.S. Trademark Registration No. 3,558,161 for the mark JALI for use in connection with "hard surface covering made of nonmetallic material for floors, walls, and other surfaces" in International Class 27.  The JALI registration was duly and legally issued on January 6, 2009.  A true and correct copy of the JALI trademark registration is attached hereto as Exhibit K.  A true and correct printout from the USPTO's Trademark Status and Document Retrieval database evidencing the status of the JALI registration is attached hereto at Exhibit L.

28.    Plaintiff is the owner of all common law rights in and to the mark SENSITILE for use in connection with architectural surfaces.  Plaintiff further is the owner of U.S. Trademark Application Serial No. 85/872,943 filed on March 11, 2013 for the mark SENSITILE for use in connection with "non-metal building materials, namely, panels, tiles and slabs for walls, floors, ceilings, doors and finished surfaces" in International Class 19.  A true and correct copy of the SENSITILE trademark application is attached hereto at Exhibit M.  Plaintiff's three federally registered trademarks and the SENSITILE mark will be collectively referred to herein as the "Sensitile Marks."

29.    Plaintiff has used the SENSITILE SYSTEMS and SCINTILLA marks in connection with architectural surfaces in interstate commerce for over eight years, and the JALI mark with such goods in commerce for over six years.

30.    Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Plaintiff's federal registration certificates for the SENSITILE SYSTEMS, JALI, and SCINTILLA marks are prima facie evidence of the validity of the marks as well as Plaintiff's ownership and exclusive right to use the marks in commerce in connection with the services recited in the registrations.

31.     Plaintiff further has engaged in nationwide advertising and marketing to promote its business.  In particular, Plaintiff distributes promotional literature, videos, direct mailings, and brochures featuring the Sensitile Marks and promoting Plaintiff's architectural surfaces.  In addition, Plaintiff features and promotes its architectural surfaces on its website (www.sensitile.com).  Plaintiff has invested, and is continuing to invest, substantial time, effort and money extensively promoting, advertising, and using the Sensitile Marks in connection with its business throughout the United States.

32.     As a result of Sensitile's actions, including the advertising, promotion, and use of the Sensitile Marks, the Marks have become, through favorable public acceptance and recognition, assets of substantial value symbolizing Plaintiff, its business, and its goodwill.

## SENSITILE'S WEBSITE AND TRADE DRESS

33.     On or about 2004, Plaintiff registered the domain name SENSITILE.COM with ENOM, Inc., an administrator of Internet domain names in the United States and began designing and coding a website to market its architectural surfaces over the Internet ("Sensitile Website").  Plaintiff owns the exclusive right, title, and interest in and to the webpages and source code published on the Plaintiff Website at www.sensitile.com as well as the U.S. trademark registration for SENSITILE SYSTEMS as set forth above.

34.     Plaintiff invested substantial time and money in the creation of its extensive Internet presence to promote its high quality and innovative architectural surfaces.  To that end, Plaintiff developed a distinctively different website from its competitors, which it launched on or about 2011 at the domain name www.sensitile.com.  Screen shots of the resulting website are attached hereto at Exhibit N.

35.     Plaintiff also owns protectable trade dress rights in the "look and feel" of the Sensitile Website ("Sensitile Trade Dress").  The Sensitile Trade Dress serves to identify Plaintiff as the source of its architectural surfaces.  Plaintiff has invested substantial time, effort, and financial resources in creating and promoting its trade dress in connection with the sale of its architectural surfaces.  The Sensitile Trade Dress is widely recognized and has become an asset of substantial value as a symbol of Sensitile, its quality products, and its good will.

36.     The Sensitile Trade Dress is unique, recognizable, and not merely functional.  The distinct and non-functional features of the Trade Dress, include, but are not limited to, the following elements – each of which are copied on Defendants' websites:

A.  The font;

B.  A first horizontal section, including the height of the section, extending the width of the home page just at the top of the homepage;

C.  Directly below the first horizontal section, a second horizontal section, including the height of the section, extending the width of the homepage and having the company name on the left hand side and links to other pages of the website on the right hand side of the section;

D.  Directly below the second horizontal section, a third horizontal section, including the height of the section, extending the width of the homepage, and  having product images on the right side of the section and, the product name and description on the left side, and a button below the description of the product;

E.  The rectangular shape of the button in (D) above;

F.   Directly below the third horizontal section, a fourth horizontal section, including the height of the section, extending across the width of the home page, and listing the names of products across the section;

G.   Directly below the fourth horizontal section, a fifth horizontal section, including the height of the section, extending across the width of the home page, and displaying multiple pictures;

H.   Directly below the fifth section, a sixth horizontal section, including the height of the section, extending the width of the home page; and

I.   Within the sixth horizontal section, a discontinuous horizontal line and a plurality of vertical lines intersecting the horizontal line at various points.

37.   Sensitile's Trade Dress is inherently distinctive as applied to Sensitile's architectural surfaces and/or has acquired secondary meaning through Sensitile's long term, widespread, and continuous use of the Trade Dress in commerce.

## DEFENDANTS' MISREPRESENTATIONS TO PLAINTIFF

38.   Upon information and belief, one or more of the Defendants made material misrepresentations to Plaintiff to surreptitiously obtain Plaintiff's pricing information and use the same to unfairly compete with Plaintiff.

39.   For example, on or about November 2011, an individual holding himself out as "Steve Nack" from Arch Concepts contacted Plaintiff via Plaintiff's website and represented that he was interested in receiving a quote for Sensitile's patented Lumina panels to be installed in the Ritz Carlton hotel in Chicago, Illinois.

40.   Specifically, Mr. Nack represented to Plaintiff:

Project Name: Ritz Carliton [sic] Chicago

10

Description: Need a quote [sic] Please for th [sic] Lumina Series 4' x 8' panels with a clear finish at 3/4" gauge. Looking at aprox. 1100 Sq. Ft. Could you please provide me with an over all [sic] price for materials, Shipping Cost and Lead Times. Any kind of rough est. would be accepted at this time as we need to provide bid numbers today.

I am a: Designer/Architect
  --Contact Information--
   Your Name: Steve Nack
   Company: Arch Concepts & Design Inc.
   Address: PO Box 1871 Parker Colorado 80134
   Phone: 303-638-7718
   Email: arch.concepts1@comcast.net

Delivery Location: Chicago Ill (USA)
  --Material Takeoff—
   Product Description: Lumina Series
   Sizes and Quantities:  150 qty. panels or 1100 sq ft. with a clear finish
   Other Details:

Attachments:
Date quote required: 12/01/2011

(Exhibit O).

41.    In the quote request, Arch Concepts listed its address as PO Box 1871 Parker, Colorado 80134.  However, Arch Concepts is registered as having its primary place of business at 26619 E. Euclid Place, Aurora, CO 80016, which is the same address as Evowe North America and Dan Blyth.

42.    On November 30, 2011, upon reliance on information in the request for quote, Plaintiff provided Arch Concepts and Mr. Nack an estimate for Lumina panels for the Ritz Carlton hotel in Chicago, Illinois.  *See* Exhibit O.

43.    On December 13, 2011, Steve Nack emailed Plaintiff stating that his client needed additional information relating to "exterior properties" of the Plaintiff's Lumina panels.  In particular, Mr. Nack asked whether the Lumina "panels will hold up within a harsh exterior

environment Heat, Snow, Extreme Cold, Humidity, and Wind." Mr. Nack further inquired as to whether there was any chance of separation since the panels are made in layers (Exhibit P).

44. On information and belief, after receiving Plaintiff's estimate, Steve Nack, and/or one or more of the Defendants informed the Ritz Carlton, its contractors, or agents that it could obtain Lumina panels from Evowe North America, Shanghai Evowe and/or Shanghai Luxface at a price lower than the estimate that Plaintiff provided to Steve Nack, and/or one or more of the Defendants.

45. Subsequently, on or about January 24, 2012, Steve Nack and/or one of the Defendants requested a list of vendors or distributors that Plaintiff had overseas. The next day, on or about January 25, 2012, Steve Nack and/or one of the Defendants informed Plaintiff that "we [Arch Concepts] should know more later this week about the Ritz Carlton job as we are discussing this now with the architect." *See* Exhibit Q attached hereto.

46. Arch Concepts never purchased any Lumina panels from Plaintiff. Instead, one or more of the Defendants manufactured and sold Luxice (a.k.a. Diamon) panels, which were installed in an outdoor terrace area at the Ritz Carlton in Chicago, Illinois.

47. Defendants' Luxice panels are virtually identical in appearance to Plaintiff's Lumina panels; however, Defendants' Luxice panels are substantially inferior to Plaintiff's Lumina panels in quality, workmanship, and durability.

48. Defendants' sale and installation of Luxice panels at the Ritz Carlton in Chicago, Illinois was without permission or license from Plaintiff. A photograph of some of the large panels installed at the Ritz Carlton is attached at Exhibit R hereto.

## DEFENDANTS' PATENT INFRINGEMENT

49.     Since the time of issuance of each of the Sensitile Patents, Plaintiff has continuously marked samples of its products and its finished products with labels identifying the fact that the products embody the claims of one or more of the Sensitile Patents (Exhibit S).

50.     With full knowledge of the Sensitile Patents and without authorization from Plaintiff, Defendants are manufacturing, using, offering for sale, selling and/or importing architectural surfaces, which literally infringe one or more claims of each of the Sensitile Patents. Defendants knowingly and willfully have infringed and are continuing to infringe Sensitile's patent rights through their activities regarding their products, including without limitation Defendants' Luxice, and Diamon product lines.  Such unlawful activities are occurring throughout the United States and, in particular, in this District.

## DEFENDANTS' ACTS OF TRADE MARK AND TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

51.     In addition, this is an action against Defendants for: trademark and trade dress infringement and unfair competition under the Lanham Act; consumer fraud, deceptive trade practices, and common law unfair competition and trademark infringement, all under Illinois law.

52.     As alleged and pleaded herein, despite Sensitile's long-standing use of the Sensitile Marks and Trade Dress, Defendants have adopted and used and continue to use marks and a trade dress bearing identity or confusing similarity to the Sensitile Marks and Trade Dress in connection with marketing, advertising, distribution, and sale of Defendants' inferior products.

53.     On information and belief, one or more of the Defendants own and operate websites located at the domain names and www.evowe.com and www.luxface.com.  Defendants' Shanghai Evowe and Shanghai Luxface promote, advertise, and offer for sale their infringing

architectural surfaces at www.evowe.com and www.luxface.com, respectively. Copies of pages from each of these websites are attached at Exhibit T hereto.

54.     Defendants Shanghai Evowe and Shanghai Luxface and/or one or more of the other Defendants have created websites which are confusingly similar to the Sensitile Trade Dress as shown in the screen shots of the homepages Defendants' websites www.evowe.com and www.luxface.com.  *See* Exhibit T.

55.     Defendants also have used the Sensitile Marks on their websites located at www.evowe.com and www.luxface.com and in hash tags and hidden text associated with these websites.

56.     Defendants further have used the Sensitile Marks and Plaintiff's photographs of Plaintiff's patented and award winning architectural surfaces in connection with advertising, promotion, and sale of their infringing architectural surfaces on numerous third party websites on the Internet.  In particular, the websites on which Defendants have used Plaintiff's SENSITILE, JALI, and SCINTILLA marks in connection with the sale of their products include, but are not limited to, www.diytrade.com, www.bikudo.com, www.diytrade.com, www.bikudo.com, www.ecplaza.net, www.topfreebiz.com, www.lulusos.com, www.made-in-china.com, and http://detail.en.china.cn/provide/1120050891.html.  Defendants also have improperly used the Sensitile Marks in the metadata and source code of these websites.  An example of Defendants' use of Plaintiff's SENSITILE, SCINTILLA, and JALI marks in connection with the sale and promotion of their architectural surfaces on the www.tradezz.com website is shown in the screenshot below.



57.     Defendants also have used Plaintiff's photographs of Plaintiff's products in

Defendants' advertising.  *See* Exhibit U attached hereto.  Additional examples of Defendants'

unauthorized use of Plaintiff's SENSITILE, JALI, and SCINTILLA marks on the websites listed in paragraph 56 are highlighted in Exhibit V.

58.     Defendants' unauthorized adoption and use of the Sensitile Marks and Trade Dress have caused actual confusion and deception among consumers.  Defendants' misappropriation of the Sensitile Marks is an intentional attempt to pass off Defendants' inferior products as Sensitile's high quality architectural surfaces by deceiving the relevant public, including consumers.

59.     Defendants also have competed unfairly with Plaintiff and employed deceptive business practices.  For example, knowing Sensitile's long-standing and excellent reputation for high quality architectural surfaces, Defendants unfair competition, deceptive business practices, and unauthorized use of marks bearing identity or confusing similarity to the Sensitile Marks is an effort to trade on the valuable goodwill and reputation associated with the Sensitile Marks, and is likely to cause confusion with regard to the affiliation or connection between Plaintiff and Defendants, and with regard to the source, sponsorship, or approval of Defendants' products, all to Sensitile's harm and Defendants' unjust enrichment.

60.     On December 5, 2012, Plaintiff wrote to Defendants and gave notice that Defendants were infringing Sensitile's trade dress, trademarks, and competing unfairly with Sensitile, as well as Plaintiff's other intellectual property rights, and requested confirmation that Defendants would cease their infringement (Exhibit W).  Defendants have not ceased their infringing activities and unfair competition.

61.     Sensitile's efforts to resolve this matter amicably have been unsuccessful. Accordingly, Plaintiff respectfully seeks an order from this Court barring Defendants from making, using, offering for sale, selling, importing, its infringing architectural surface products.

16

Plaintiff further seeks an order from the Court barring Defendants from using the Sensitile Marks and Trade Dress.

## COUNT I: PATENT INFRINGEMENT
### (U.S. Patent No. 7,547,128)

62.     Plaintiff incorporates by reference each of the preceding allegations of paragraphs 1 – 61 above as though stated herein.

63.     Defendants manufacture, use, sell, offer to sell, import, and/or distribute architectural surfaces within the United States, including but not limited to, Defendants' Luxice and/or Diamon products.

64.     Defendants have worked together to manufacture, use, sell, offer to sell, import, and/or distribute their architectural surfaces in the United States and in this District.

65.     Defendants directly infringe, contribute to infringement, and induce infringement, either literally or under the doctrine of equivalents one or more claims of the '128 patent within this District and elsewhere within the United States through their manufacture, use, sale, offer to sell, importation, and/or distribution of architectural surfaces.

66.     Defendants' infringing conduct in the face of actual and/or constructive notice of infringement of the '128 patent is willful, deliberate, and intentional, and as a result, Plaintiff is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

67.     Unless immediately enjoined, Defendants' acts will cause Plaintiff irreparable harm, loss, and injury.

## COUNT II: PATENT INFRINGEMENT
### (U.S. Patent No. 7,520,651)

68.     Plaintiff incorporates by reference each of the preceding allegations of paragraphs 1 – 67 above as though stated herein.

69.     Defendants manufacture, use, sell, offer to sell, import, and/or distribute architectural panels within the United States, including but not limited to, Defendants' Luxice and/or Diamon products.

70.     Defendants have worked together to manufacture, use, sell, offer to sell, import, and/or distribute their architectural surfaces in the United States and in this District.

71.     Defendants directly infringe, contribute to infringement, and induce infringement, either literally or under the doctrine of equivalents one, or more claims of the '651 patent within this District and elsewhere within the United States through their manufacture, use, sale, offer to sell, importation, and/or distribution of architectural surfaces.

72.     Defendants' infringing conduct in the face of actual and/or constructive notice of infringement of the '651 patent is willful, deliberate, and intentional, and as a result, Plaintiff is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

73.     Unless immediately enjoined, Defendants' acts will cause Plaintiff irreparable harm, loss, and injury.

## COUNT III: PATENT INFRINGEMENT
### (U.S. Patent No. 7,422,354)

74.     Plaintiff incorporates by reference each of the preceding allegations of paragraphs 1 – 73 above as though stated herein.

75.     Defendants manufacture, use, sell, offer to sell, import, and/or distribute architectural surfaces within the United States, including but not limited to, Defendants' Luxice and/or Diamon products.

76.     Defendants have worked together to manufacture, use, sell, offer to sell, import, and/or distribute their architectural surfaces in the United States and this District.

18

77.     Defendants directly infringe, contribute to infringement, and induce infringement, either literally or under the doctrine of equivalents one or more claims of the '354 patent within this District and elsewhere within the United States through their manufacture, use, sale, offer to sell, importation, and/or distribution of architectural surfaces.

78.     Defendants' infringing conduct in the face of actual and/or constructive notice of infringement of the '354 patent is willful, deliberate, and intentional, and as a result, Plaintiff is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

79.     Unless immediately enjoined, Defendants' acts will cause Plaintiff irreparable harm, loss, and injury.

## COUNT IV: PATENT INFRINGEMENT
### (U.S. Patent No. 7,229,203)

80.     Plaintiff incorporates by reference each of the preceding allegations of paragraphs 1 – 79 above as though stated herein.

81.     Defendants manufacture, use, sell, offer to sell, import, and/or distribute architectural surfaces within the United States, including but not limited to, Defendants' Luxice and/or Diamon products.

82.     Defendants have worked together to manufacture, use, sell, offer to sell, import, and/or distribute their architectural surfaces in the United States and this District.

83.     Defendants directly infringe, contribute to infringement, and induce infringement, either literally or under the doctrine of equivalents one or more claims of the '203 patent within this District and elsewhere within the United States through their manufacture, use, sale, offer to sell, importation, and/or distribution of architectural surfaces.

84.     Defendants' infringing conduct in the face of actual and/or constructive notice of infringement of the '203 patent is willful, deliberate, and intentional, and as a result, Plaintiff is entitled to treble damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

85.     Unless immediately enjoined, Defendants' acts will cause Plaintiff irreparable harm, loss, and injury.

### COUNT V: TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32(1) OF THE LANHAM ACT, 15 U.S.C. 1114(1) (U.S. Trademark Registration No. 3,219,756)

86.     Plaintiff alleges trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Plaintiff incorporates by reference each of the preceding allegations of paragraphs 1 – 85 above, as though fully set forth herein.

87.     Defendants' unauthorized use in interstate commerce of the SENSITILE SYSTEMS mark and derivatives thereof is likely to cause confusion or mistake as to the source, sponsorship, approval, or affiliation of Defendants' products.  The consuming public and the trade are likely to believe that Defendants' products originate with Plaintiff, are licensed, sponsored or approved by Plaintiff, or are in some way connected with or related to Plaintiff, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), when in fact they are not.

88.     Defendants' conduct in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as set forth above, constitutes intentional and willful infringement of Plaintiff's rights.  Such acts have occurred in interstate commerce.  Defendants' infringement is likely to cause Plaintiff to suffer economic damage, is likely to result in unjust enrichment to Defendants, and has caused, and unless restrained by this Court will continue to cause, serious and irreparable injury, including within this District, for which Plaintiff has no adequate remedy at law.

### COUNT VI: TRADEMARK INFRINGEMENT IN VIOLATION OF
### SECTION 32(1) OF THE LANHAM ACT, 15 U.S.C. 1114(1)
### (U.S. Trademark Registration No. 3,386,918)

89.     Plaintiff alleges trademark infringement in violation of Section 32(1) of the

Lanham Act, 15 U.S.C. § 1114(1).  Plaintiff incorporates by reference each of the preceding

allegations of paragraphs 1 – 88 above, as though fully set forth herein.

90.     Defendants' unauthorized use in interstate commerce of the SCINTILLA mark

and derivatives thereof is likely to cause confusion or mistake as to the source, sponsorship,

approval, or affiliation of Defendants' products.  The consuming public and the trade are likely

to believe that Defendants' products originate with Plaintiff, are licensed, sponsored or approved

by Plaintiff, or are in some way connected with or related to Plaintiff, in violation of Section

32(1) of the Lanham Act, 15 U.S.C. § 1114(1), when in fact they are not.

91.     Defendants' conduct in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §

1114(1), as set forth above, constitutes intentional and willful infringement of Plaintiff's rights.

Such acts have occurred in interstate commerce.  Defendants' infringement is likely to cause

Plaintiff to suffer economic damage, is likely to result in unjust enrichment to Defendants, and

has caused, and unless restrained by this Court will continue to cause, serious and irreparable

injury, including in this District, for which Plaintiff has no adequate remedy at law.

### COUNT VII: TRADEMARK INFRINGEMENT IN VIOLATION OF
### SECTION 32(1) OF THE LANHAM ACT, 15 U.S.C. 1114(1)
### (U.S. Trademark Registration No. 3,558, 161)

92.     Plaintiff alleges trademark infringement in violation of Section 32(1) of the

Lanham Act, 15 U.S.C. § 1114(1).  Plaintiff incorporates by reference each of the preceding

allegations of paragraphs 1 – 91 above, as though fully set forth herein.

93.     Defendants' unauthorized use in interstate commerce of the JALI mark and derivatives thereof is likely to cause confusion or mistake as to the source, sponsorship, approval, or affiliation of Defendants' products.  The consuming public and the trade are likely to believe that Defendants' products originate with Plaintiff, are licensed, sponsored or approved by Plaintiff, or are in some way connected with or related to Plaintiff, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), when in fact they are not.

94.     Defendants' conduct in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as set forth above, constitutes intentional and willful infringement of Plaintiff's rights.  Such acts have occurred in interstate commerce.  Defendants' infringement is likely to cause Plaintiff to suffer economic damage, is likely to result in unjust enrichment to Defendants, and has caused, and unless restrained by this Court will continue to cause, serious and irreparable injury, including in this District, for which Plaintiff has no adequate remedy at law.

**COUNT VIII: TRADE DRESS INFRINGEMENT IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. 1125(a)**

95.     Plaintiff alleges trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Plaintiff incorporates by reference each of the preceding allegations of paragraphs 1 – 94 above, as though fully set forth herein.

96.     The Sensitile Trade Dress is widely recognized by consumers and has become a valuable indicator of the source and origin of Plaintiff's products.

97.     Defendants' use in commerce of a website confusingly similar to that of Sensitile's Trade Dress is likely to cause confusion, to cause mistake, or to deceive as the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

98.     Defendants' conduct in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §
1125(a) as set forth above, constitutes intentional and willful infringement of Plaintiff's rights.
Such acts have occurred in interstate commerce.  Defendants' infringement is likely to cause
Plaintiff to suffer economic damage, is likely to result in unjust enrichment to Defendants, and
has caused, and unless restrained by this Court will continue to cause, serious and irreparable
injury, including in this District, for which Plaintiff has no adequate remedy at law.

**COUNT IX: UNFAIR COMPETITION IN VIOLATION OF
SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. 1125(a)**

99.     Plaintiff alleges federal unfair competition in violation of Section 43(a) of the
Lanham Act, 15 U.S.C. § 1125(a).  Plaintiff incorporates by reference each of the preceding
allegations of paragraphs 1 – 98 above as though fully set forth herein.

100.     Defendants' unauthorized use in interstate commerce of the Sensitile Marks and
derivatives thereof, as described herein, wrongly and falsely designates, describes or represents
Defendants' services, and is likely to cause confusion, mistake, and deception as to the
affiliation, connection, or association of Defendants' products with Plaintiff, or as to the
sponsorship or approval of said products by Plaintiff.  Defendants' conduct therefore violates
Plaintiff's rights in its distinctive Sensitile Marks in violation of Section 43(a) of the Lanham
Act, 15 U.S.C. § 1125(a).

101.     Defendants' infringement is likely to cause Plaintiff to suffer economic damage,
is likely to result in unjust enrichment to Defendants, and has caused and will continue to cause,
unless enjoined by this Court, substantial and irreparable damage and injury to Plaintiff and the
public, for which damage and injury Plaintiff has no adequate remedy at law.

102.     Defendants' aforesaid acts constitute intentional and willful infringement of

Plaintiff's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §

1125(a)(1).

## COUNT X: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1-12

103.     Plaintiff alleges violation of the Illinois Consumer Fraud and Deceptive Business

Practices Act, 815 ILCS 505/1 – 12.  Plaintiff incorporates by reference each of the preceding

allegations of paragraphs 1 – 102 above as though fully set forth herein.

104.     Defendants' use of the Sensitile Marks and derivatives thereof is an unfair method

of competition and an unfair or deceptive act or practice.  Defendants are using and have used

deception and misrepresentation, on which they intend consumers to rely, and in the course of

this conduct, are involving trade or commerce, in violation of the Illinois Consumer Fraud and

Deceptive Business Practices Act, 815 ILCS 505/1 – 12.

105.     Defendants' conduct involves trade practices that are directed to the market

generally and that implicate consumer protection concerns.

106.     By these aforesaid acts and misrepresentations, Defendants have caused, and are

likely to cause in the future, a public injury and a detrimental effect on consumers by causing

confusion as to the origin or sponsorship of Defendants' inferior products.  Said acts constitute

unfair methods of competition and unfair or deceptive acts or practices in willful violation of the

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 – 12.

107.     Defendants' acts and practices in violation of Section 505 of the Illinois

Consumer Fraud and Deceptive Business Practices Act as set forth above have caused and,

unless restrained by this Court, will continue to cause serious and irreparable harm and damage,

including in this State, to Plaintiff, for which it has no adequate remedy at law.

24

## COUNT XI: VIOLATION OF THE ILLINOIS UNIFORM
## DECEPTIVE TRADE PRACTICES ACT, 815 ILCS 510/1-7

108.    Plaintiff alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 – 7.  Plaintiff incorporates by reference each of the preceding allegations of paragraphs 1 – 107 above as though fully set forth herein.

109.    Defendants' unauthorized use of the Sensitile Marks and derivatives thereof is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' services, and/or otherwise creates a likelihood of confusion or misunderstanding, inasmuch as it gives rise to the incorrect belief that Defendants have some connection with Plaintiff.

110.    Defendants' acts constitute false, deceptive and misleading representations or statements in connection with the advertising and sale of Defendants' services, and said acts constitute deceptive trade practices in the course of Defendants' business in willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 – 7.

111.    Defendants' unlawful conduct has caused Plaintiff to suffer economic damage, has resulted in unjust enrichment to Defendants, and has caused and will continue to cause, unless enjoined by this Court, substantial and irreparable damage and injury to Plaintiff and the public, for which damage and injury, including in this State, Plaintiff has no adequate remedy at law.

## COUNT XII: COMMON LAW UNFAIR COMPETITION
## AND TRADEMARK INFRINGEMENT

112.    Plaintiffs allege common law unfair competition and trademark infringement. Plaintiff incorporates by reference each of the preceding allegations of paragraphs 1 – 111 above as though fully set forth herein.

113.    Defendants' unauthorized use of the Sensitile Marks and derivatives thereof constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Plaintiff of Defendants' inferior products.  The public is, for example, likely to believe that Defendants' products originate with Plaintiff, are licensed by Plaintiff, and/or are sponsored by, connected with, or related to Plaintiff.

114.    Defendants' acts constitute unfair competition and trademark infringement in violation of the common law of the State of Illinois.

115.    Defendants' acts and practices in violation of Illinois common law and unfair competition and trademark infringement have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage, including within this State to Plaintiff, for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays that:

A.    United States Patent Nos. 7,559,680, 7,547,128, 7,520,651, 7,422,354, and 7,229,203 be adjudged by this Court to be enforceable and not invalid;

B.    Defendants be adjudged by this Court to have infringed U.S. Patent Nos. 7,559,680, 7,547,128, 7,520,651, 7,422,354, and 7,229,203;

C.    Defendants be ordered by this Court to account for and pay Plaintiff damages adequate to compensate Plaintiff for the infringement of U.S. Patent Nos. 7,559,680, 7,547,128, 7,520,651, 7,422,354, and 7,229,203, including interest under 35 U.S.C. § 284;

D.    Preliminary and permanent injunctions be issued against Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or

participation with them, preventing further infringement of U.S. Patent Nos. 7,559,680, 7,547,128, 7,520,651, 7,422,354, and 7,229,203;

  E.  This case be deemed exceptional and Plaintiff be awarded interests, costs, expenses and reasonable attorney fees for this suit as provided by 35 U.S.C. § 285;

  F.  Defendants be ordered by this Court to pay treble damages as provided by 35 U.S.C. § 284;

  G.  Defendants' use of the SENSITILE SYSTEMS, SENSITILE, JALI, and SCINTILLA marks and derivatives thereof be adjudged to violate sections 32 and 43(a) of the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and/or the common law of the State of Illinois;

  H.  Defendants' use of the Sensitile Trade Dress adjudged to violate section 43(a) of the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and/or the common law of the State of Illinois;

  I.  Defendants, their agents, servants, employees, successors, assigns, and all those controlled by or in active concert or participation with any of them be permanently enjoined from:

    (1) using in connection with Defendants' products and/or services any mark bearing confusing similarity to the marks SENSITILE SYSTEMS, SENSITILE, JALI, and SCINTILLA;

    (2) using in connection with Defendants' products and/or services any trade dress bearing any confusing similarity to the Sensitile Trade Dress;

    (3) trading on the goodwill associated with the Sensitile Marks and Trade Dress or otherwise unfairly competing with Plaintiff;

J.    Defendants be ordered to destroy all displays, advertisements, packaging, brochures, web pages and any other materials, whether in paper or electronic form, in their possession or control that bear marks likely to be confused with the Sensitile Marks or Trade Dress, or that otherwise fail to comply with paragraph I above, and provide certification of such destruction;

K.    Defendants be ordered to expressly abandon any and all trademark applications and registrations for marks that are likely to be confused with the Sensitile Marks or Trade Dress or that otherwise fail to comply with paragraph I above and provide certification of such abandonment;

L.    Defendants be ordered to compensate Plaintiff for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts complained of herein;

M.    Defendants be ordered to pay interest, costs, and reasonable attorney fees to Sensitile under 15 U.S.C. § 1117(a) and 815 ILCS 510/3;

N.    Defendants be ordered to account for and pay over to Plaintiff all actual damages suffered by Plaintiff and all gains, profits, and advantages derived by Defendants from their unlawful acts complained of herein;

O.    That the Court award Plaintiff increased damages, upon a finding that this case is exceptional under the Lanham Act, and punitive damages for the willful nature of Defendants' unlawful acts complained of herein, said award to equal at least three times the amount of Sensitile's actual damages;

P.    That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve on plaintiff within thirty (30) days after issuance of an injunction, a report in writing

and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

Q.     Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury in this action on all issues triable by jury.

Respectfully Submitted,

Date: April 2, 2013

/s/ Katherine L. Tabor
Jon H. Beaupré (IL Bar No. 6298230)
Brinks Hofer Gilson & Lione
524 South Main Street, Suite 200
Ann Arbor, Michigan, 48104-2921
Telephone: (734) 302-6000
Facsimile: (734) 994-6331
Email: jbeaupre@brinkshofer.com

Harold V. Johnson (Il Bar No. 6188149)
Katherine L. Tabor (IL Bar No. 6204624)
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321.4200
Facsimile: (312) 321.4299

*Attorneys for Sensitile Systems, LLC*